# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 6564 | **DATE** | 3/28/2011 |
| **CASE TITLE** | Graham vs. AT&T Mobility | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Court denies [54] Graham's Motion to Compel.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Christopher Graham ("Graham") filed a Title VII lawsuit against his employer, AT&T Mobility, LLC ("AT&T"). Graham moves to compel certain personnel files of other employees who, like him, had been promoted to temporary supervisory assignments. AT&T opposes the motion. For the following reasons, the Court denies Graham's Motion to Compel.

At the post-discovery status on February 1, 2011, the Court denied without prejudice Graham's motion to compel the social security numbers and birth dates of certain AT&T employees. At this status plaintiff's counsel also stated that AT&T had not fully complied with its discovery request for personnel files of AT&T employees chosen for temporary supervisory positions. Plaintiff's counsel realized that he did not have the personnel files responsive to requests 23, 24, and 27 "on or about January 31, 2011," which was the date the Court set as the close of discovery. Plaintiff's counsel did not file a motion to compel these personnel files before the February 1 status because he had not had a chance to talk with defense counsel about the alleged deficient document production. The Court set a dispositive briefing schedule and ordered the parties to work out the personnel files discovery issue.

According to the parties, defense counsel persisted in his position that the personnel files were not relevant and refused to turn them over. At that point, during the first week of February, plaintiff's counsel became aware that he would not be getting the files and was obligated to file a motion to compel. Instead, he waited until March 14, 2011, six weeks later and one week before defense counsel's motion for summary judgment was to be filed before bringing such a motion.

Granting the request now would cause significant prejudice to defendant who has spent significant time preparing a dispositive motion without the files. The files would also delay the case further because more depositions may be requested due to the information contained in the files. This is not the type of dispute that

| STATEMENT |
|---|
| should have waited to the eleventh hour to be resolved.<br><br>      In addition, the Court notes that the personnel files are unlikely to lead to relevant information. As defense counsel stated at the March 21, 2011 status, the deposition testimony of AT&T managers indicates that temporary supervisory assignments were done without considering seniority at all; the main criteria for selection was whether the employee was already scheduled to work during the specific dates that a replacement was needed. For these reasons, the Court denies Graham's Motion to Compel. |